Matter of Jeffreys v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 06136)





Matter of Jeffreys v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 06136


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533335
[*1]In the Matter of Clarence Jeffreys, Petitioner,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Clarence Jeffreys, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



(1) Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules, and (2) motion for costs and disbursements.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. "Further, to the extent that he seeks such relief, petitioner is not entitled to be restored to the status he enjoyed prior to the disciplinary determination" (Matter of Herbert v Venettozzi, 162 AD3d 1454, 1455 [2018] [internal quotation marks and citation omitted]; see Matter of Hamilton v Annucci, 171 AD3d 1385, 1385 [2019]). Accordingly, as petitioner has received all of the relief to which he is entitled in this proceeding, the petition must be dismissed as moot (see Matter of Brown v Annucci, 181 AD3d 1087, 1088 [2020]; Matter of Telesford v Annucci, 175 AD3d 1717, 1717 [2019]).
As a final matter, because the record reflects that petitioner paid a filing fee of $140 and he has requested a refund thereof, we grant that portion of his motion requesting reimbursement of that amount (see Matter of Rucano v Annucci, 155 AD3d 1217, 1217 [2017], lv denied 30 NY3d 913 [2018]; Matter of Farrell v Annucci, 155 AD3d 1197, 1198 [2017]). Petitioner's remaining requests have been considered and rejected.
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.
ORDERED that the motion is granted, without costs, to the extent that petitioner is awarded disbursements in the amount of $140.